```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
ROBERT W. JOHNSON             :     Civ. No. 3:22CV00231(SALM)
                              :
v.                            :
                              :
DAVIDSON AUTOMOTIVE GROUP,    :
et al.                        :     February 17, 2022
                              :
------------------------------x
```

## INITIAL REVIEW ORDER

Self-represented plaintiff Robert W. Johnson ("plaintiff"), a resident of New York State, filed this action in the District of Connecticut on February 9, 2022. On that same date, he filed a motion to proceed in forma pauperis. See Doc. #2.

The Complaint names eight defendants: Davidson Automotive Group; Julia B. Day; Kathy Hochul; Maria L. Imperial; Jami Kaplan; Credit Acceptance; Amber Filson; and EXEM United Auto Sales (collectively the "defendants"). See Doc. #1 at 1. The Complaint is submitted on a District of Connecticut complaint form. The "Jurisdiction" section states: "440: Other Civil Rights: Federal Question." Doc. #1 at 2. The "Nature of the Case" section states:

> Amber Filson and Davidson Automotive Group denied Robert W. Johnson services for an duplicate key on 4/14/2021. Exem United Auto Sales and Credit Acceptance falsified New Jersey DMV records for Robert W. Johnson. Kathy Hochul, Maria L Imperial, Jami Kaplan & Julia B. Day denied Robert W. Johnson Due Process Rights for above-said matters.

1

Id. (sic). The "Cause of Action" section reiterates the allegations set forth in the "Nature of the Case" section of the complaint form. See Doc. #1 at 3. The form also includes the statement: "Change of Jurisdiction to U.S. Courthouse in Connecticut." Id. at 4.

I.   **Standard of Review**

When a plaintiff files a civil complaint in forma pauperis under 28 U.S.C. §1915, the Court reviews the complaint to determine whether it is sufficient to proceed to service of process. Section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §1915(e)(2)(B)(ii).

Although detailed allegations are not required, a complaint must include sufficient facts to afford a defendant fair notice of the claims and demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Rule 8 sets forth the general rules of pleading in federal court:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3). The purpose of Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

"[W]hile a pro se litigant's pleadings must be construed liberally, ... pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995) (citations omitted). Furthermore, the rationale for affording special solicitude to self-represented litigants is diminished where a self-represented plaintiff has experience with litigation, as this plaintiff does.[1] See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (concluding that sparse pleadings, typically sufficient to allow leave to amend for a self-represented plaintiff unfamiliar with the legal system, were insufficient for a repeat self-represented litigant). In such cases, "the deference usually granted to pro se plaintiffs need not be

---

[1] Plaintiff is well versed in civil litigation, having filed more than 20 cases in this District, and well over 100 in other Districts.

~ 3 ~

expansively drawn[.]" Johnson v. Eggersdorf, 8 F. App'x 140, 143 (2d Cir. 2001).

The Court is not only permitted, but required, to dismiss a pending action when the Court finds that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Where there is a lack of subject matter jurisdiction, dismissal is mandatory." Patterson v. Rodgers, 708 F. Supp. 2d 225, 233 (D. Conn. 2010).

## II. Discussion

The allegations of the Complaint are insufficient to support an exercise of subject matter jurisdiction. Furthermore, the Court is unable to ascertain any valid legal claim from the face of the Complaint, and cannot expect any defendant to answer the Complaint as written.

"A federal court is obligated to inquire into subject matter jurisdiction sua sponte at the earliest opportunity to determine whether such jurisdiction exists." Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 510 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016). Again, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A District Court has subject matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" 28 U.S.C. §1331, and (2) civil actions between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. §1332(a). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

The Complaint asserts that defendants "denied [him] Due Process Rights[.]" Doc. #1 at 2. However, this mere passing reference to a Constitutional right is insufficient to invoke federal question jurisdiction. See, e.g., Book v. Mortg. Elec. Registration Sys., 608 F. Supp. 2d 277, 283 (D. Conn. 2009) ("[M]erely referencing" a Constitutional provision "is not sufficient to confer subject matter jurisdiction."); Khanom v. Kerry, 37 F. Supp. 3d 567, 575 n.7 (E.D.N.Y. 2014) (finding lack of federal question jurisdiction in spite of "conclusory allegation" of Constitutional violations). The invocation of "440: Other Civil Rights: Federal Question" is also insufficient. Doc. #1 at 2. Accordingly, the Court does not have federal question jurisdiction over this action. See 28 U.S.C. §1331.

For diversity jurisdiction to apply, the parties must be diverse and the amount in controversy must exceed $75,000. See

28 U.S.C. §1332. "Complete diversity of citizenship is required, meaning that there cannot be citizens from the same State on opposing sides of the litigation." Seemann v. Maxwell, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). Plaintiff alleges that he and several defendants are residents of New York. See Doc. #1 at 1-2. Accordingly, there is no complete diversity of citizenship, and the Court does not have diversity jurisdiction over this action.

Because the Court does not have subject matter jurisdiction over the Complaint, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In the absence of subject matter jurisdiction, the Court need not decide whether the Complaint states any viable claims." Gonzalez, 74 F. Supp. 3d at 518. However, the Court notes that the Complaint also fails utterly to comply with Rule 8.

Furthermore, even assuming, arguendo, that the Court had federal question jurisdiction, plaintiff's allegations would be insufficient to state a claim for violation of his rights under the Due Process Clause of the Fourteenth Amendment.

> Procedural due process requirements are generally satisfied by appropriate notice and an opportunity to be heard. See Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999). To state a due process violation, Plaintiff must first show a deprivation of a constitutionally protected property or liberty interest. White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1061-62 (2d Cir. 1993); Costello v. McEnery, 1994 WL 410885 *4 (S.D.N.Y. Aug. 3, 1994), aff'd, 57 F.3d 1064

(2d Cir. 1995). It is only when such a right is established that the court may turn to a discussion of whether there has been a deprivation of that right without due process.

<u>Longo v. Suffolk Cty. Police Dep't Cty. of Suffolk</u>, 429 F. Supp. 2d 553, 559 (E.D.N.Y. 2006). Plaintiff has not alleged that he was deprived of any constitutionally protected interest. Nor has he alleged any way in which the process received was insufficient.

Thus, even if the Court had subject matter jurisdiction over this matter, it would be dismissed for failure to state a claim.

Accordingly, the Complaint [Doc. #1] is **DISMISSED, without prejudice.**

### III. Conclusion

For the foregoing reasons, the Complaint is **DISMISSED**.

The Clerk is directed to close this case.

If plaintiff wishes to attempt to state a claim upon which relief may be granted, he may file a motion to reopen the case, together with a proposed Amended Complaint, on or before **March 11, 2022.**

It is so ordered this 17th day of February, 2022, at New Haven, Connecticut.

```
       _____/s/_____
       SARAH A. L. MERRIAM
       UNITED STATES DISTRICT JUDGE
```